This Decision is a
Precedent of The TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

alv

Mailed:  December 24, 2009

Opposition No. **91190017**

Promgirl, Inc.

v.

JPC CO., LTD.

**Before Rogers, Acting Chief Administrative Trademark Judge,**
**and Walsh and Taylor, Administrative Trademark Judges.**

By the Board:

This case now comes up for consideration of opposer's motion (filed July 20, 2009) for sanctions, or alternatively, to compel applicant's participation in the settlement and discovery planning conference ("discovery conference").[1]

Pursuant to the Board's institution order of May 1, 2009, the parties were required to conduct a discovery conference in this proceeding by July 10, 2009.

---

[1] Applicant's response to the motion is untimely and, therefore, we have not considered it.  Inasmuch as applicant's response has not been considered, we have not considered opposer's brief in reply.  Nevertheless, because applicant has opposed the motion we will not treat it as conceded, but will consider it on the merits.

In its motion, opposer asserts that on June 29, 2009 opposer's counsel sent an email to applicant's counsel concerning the possible settlement of the case and reminding him about the deadline for conducting a discovery conference.  When he received no response, opposer's counsel contacted applicant's counsel by email on July 9, 2009 to inquire about the proposed settlement offer and to remind him of the deadline for the discovery conference. Applicant's counsel sent an email on July 9, 2009 rejecting the proposed settlement.  On July 10, 2009, the parties exchanged the following emails:  Opposer's counsel sent an email to applicant's counsel to remind him of that day's deadline for the discovery conference; to ask if applicant's counsel was "ready to proceed with the rest of the discovery conference;" and to indicate that opposer was "willing to extend time for this conference for a few days." Applicant's counsel responded, stating, "You do not need to extend time for this conference unless your client is willing to cancel the opposition position."  Opposer's counsel replied, stating that opposer was not willing "to terminate the opposition proceeding at this time" and that opposer would assume that applicant refused to take part in the discovery conference unless opposer's counsel heard from applicant's counsel "to the contrary by 5 PM Eastern time today."  In its motion, opposer asserts, based on the

foregoing, that it made "several good faith efforts, by telephone and e-mail, to proceed with the Discovery Conference."[2]

Opposer requests that the answer to the notice of opposition filed by applicant be stricken and default judgment be entered against applicant as a result of applicant's willful refusal to participate in the discovery conference or, in the alternative, opposer requests that applicant be ordered to participate in the discovery conference.

*Analysis*

Trademark Rule 2.120(g)(1) provides, in pertinent part (emphasis added):

> **If a party fails to participate in the required discovery conference**, or if a party fails to comply with an order of the Trademark Trial and Appeal Board relating to disclosure or discovery, including a protective order, the Board may make any appropriate order, including those provided in Rule 37(b)(2) of the Federal Rules of Civil Procedure.

Trademark Rule 2.120(a)(1), which sets forth the provisions for a discovery conference, states, in pertinent part (emphasis added):

---

[2] We note that in its brief opposer states that applicant did not serve its initial disclosures on opposer. The deadline for serving such disclosures was August 9, 2009. A motion to compel is the available remedy when an adversary has failed to make, or has made inadequate, initial disclosures. See Trademark Rule 2.120(e)(1).

> …The provisions of Federal Rule of Civil Procedure 26 relating to required disclosures, **the conference of the parties to discuss settlement and to develop a disclosure and discovery plan, the scope, timing and sequence of discovery, protective orders, signing of disclosures and discovery responses, and supplementation of disclosures and discovery responses**, are applicable to Board proceedings in modified form…."

The requirement for parties to participate in the required discovery conference was introduced into Board inter partes proceedings by amendments to the Trademark Rules, and is applicable to all proceedings which commenced on or after November 1, 2007. *See Notice of Final Rulemaking, Miscellaneous Changes to Trademark Trial and Appeal Board Rules*, 72 Fed. Reg. 42242 (Aug. 1, 2007), (hereinafter "Final Rule"). In the Final Rule, the Board indicated that the purpose of the conference is to allow the parties to discuss "the nature and basis of the involved claims and defenses, the possibility of settlement of the case or modification of the pleadings, and plans for disclosures and discovery." Final Rule, 72 F.R. at 42252. In the Final Rule, the Board further states that the parties shall discuss the subjects outlined in Federal Rule 26(f) and any other subjects that the Board may, in an institution order, require to be discussed. *Id*. at 42252.

The institution order of May 1, 2009 for this proceeding specifically states, in relevant part, as follows:

> As noted in the schedule of dates for this case, the parties are required to have a conference to discuss: (1) the nature of and basis for their respective claims and defenses, (2) the possibility of settling the case or at least narrowing the scope of claims or defenses, and (3) arrangements relating to disclosures, discovery and introduction of evidence at trial, should the parties not agree to settle the case.[3]

Accordingly, a requirement exists that in the event the parties do not settle the case during any discussions they have, they must engage in further discussions relating to disclosures, discovery, and the introduction of evidence at trial.

In this instance, from the email communications provided by opposer in support of its motion, it seems the parties have engaged in some discussions concerning the possibility of settling this case. While it is clear that the parties' attempts to settle the case were unsuccessful, it is also clear that the parties have not discussed every subject outlined in the Board's institution order. The Board appreciates that parties involved in an inter partes proceeding (an opposition or cancellation) may exchange settlement proposals prior to scheduling of their discovery

---

[3] The institution order includes additional, more specific, subjects that should be addressed during the discussion of these three topics, as noted infra.

conference. The Board certainly encourages settlement discussions at any time. And if parties do discuss settlement prior to a discovery conference, but are unsuccessful in agreeing to a settlement, then they may, but need not, revisit the issue of settlement in the subsequent conference. However, mere discussion of settlement does not substitute for a full discovery conference addressing the issues outlined in Federal Rule 26 and the Board's institution order.

The Board has stated that the obligation for parties to hold a discovery conference is a mutual obligation.[4] To that end, the responsibility to schedule a conference and to confer on each of the topics outlined in Rule 26 and the institution order is a shared responsibility. The Board has adopted the requirement for discovery conferences to avoid needless disputes and motions and to facilitate either prompt and genuine settlement discussions or a smooth and timely transition to disclosures, discovery and trial. See *Guthy-Renker Corporation v. Boyd*, 88 USPQ2d 1701 (TTAB 2008). While during their discovery conference parties are free to discuss any additional topics besides those outlined in the institution order that could promote settlement or efficient adjudication of the Board proceeding,[5] parties are

---

[4] See *Influance, Inc. v. Elaina Zuker,* 88 USPQ2d 1859 (TTAB 2008).
[5] See Final Rule, 72 F.R. at 42252.

required, at a minimum, to engage in discourse involving all of the specific topics outlined in Rule 26 and the institution order.  Parties are not at liberty to select which of these topics they will discuss.  Such culling would circumvent the Board's purpose in adopting the requirement for discovery conferences.  As the institution order makes clear, the parties are **required** to discuss their plans relating to disclosures, discovery, and trial evidence **unless** they are successful in settling the case.  This includes discussion of the possibility of utilizing the Board's Accelerated Case Resolution ("ACR") procedure (see information posted at the Board's website, at http://www.uspto.gov/trademarks/process/appeal/index.jsp), possible modification of the Board's standard protective order, limitations on disclosures or discovery, the willingness of the parties to enter into stipulations of fact, and the willingness of the parties to enter into stipulations to utilize efficiencies for the introduction of evidence at trial, all as explained in the Board's standard institution order.

Opposer's motion clearly presents circumstances in which the parties discussed settlement, but did not engage in discussion of any other prescribed discovery conference topics.  In reviewing the email correspondence exchanged between the parties' counsel, we find that applicant has not

met its obligations under Trademark Rule 2.120(a)(1).

Applicant made no overture of its own to schedule a conference, even though it shares in the responsibility to conduct a conference; and it failed to cooperate in the scheduling of a conference when opposer sought to move beyond the failed settlement discussions and into discussion of other required conference topics. We note, however, that opposer is not without blame in this instance.

Opposer first contacted applicant by email about the deadline for the discovery conference and the possibility of settling the case on June 29, 2009, less than two weeks before the July 10, 2009 discovery conference deadline.[6] Opposer then waited until the day before the discovery conference deadline to follow up with applicant after not receiving any response to its settlement proposal. Further, based on its motion and supporting attachments, opposer did not broach the subject of the parties' need to discuss the required discovery conference topics until the deadline day for the conference, after opposer's settlement proposal was rejected. If opposer had made an earlier attempt to schedule a conference or had not waited until the

---

[6] The better practice would have been for opposer to contact applicant earlier in the proceeding to schedule a mutually agreeable date and time for the discovery conference, prior to sending applicant a proposed settlement offer. By so doing, the parties could have set a date for the conference and been better able to meet their discovery conference obligations if settlement was not achieved.

penultimate day on which to follow up with applicant in regard to the settlement proposal, opposer could have concluded earlier that settlement would not occur and the parties might have had time to conduct the conference, eliminating the need for the present motion.

Moreover, had either party requested Board participation in the discovery conference, as provided for in Trademark Rule 2.120(a)(2), i.e., ten days prior to the deadline for the conference, or even requested such participation once it became clear that the parties were at an impasse regarding settlement and would need to move forward with the proceeding, the Board could have facilitated a resolution of the parties' problems in scheduling the necessary discovery conference discussions.[7] Trademark Rule 2.120(a)(2) requires that the request for Board participation in a discovery conference be made no later than ten days prior to the deadline for the conference. However, under circumstances such as those presented here, where the parties are at an impasse, the Board may be able to participate in the discovery conference on short notice, that is, on less than ten days notice, or at a later date set by the Board. The ten-day notice

---

[7] If applicant was unwilling to settle the case on the terms proposed by opposer, and did not have an alternative to propose, then applicant should have realized the case would have to

requirement is intended to facilitate scheduling of Board participation, when requested by a party, while keeping the case on its schedule, but even when the need for Board participation is not discovered until later, it is always preferable to involve the Board and allow the Board to alter deadlines subsequent to the conference, e.g., for disclosures and taking of discovery, as necessary.

Accordingly, opposer's motion for sanctions is hereby denied without prejudice to renew if applicant should fail to comply with the terms of this order.[8]

Furthermore, in accordance with the alternative relief requested, the parties are hereby ordered to hold a discovery conference with Board participation on or before January 29, 2010. The record is clear that opposer at least engaged in some effort to schedule the conference, while applicant was not particularly cooperative. Accordingly, we place the burden on applicant to promptly contact both opposer's counsel and the Board's assigned interlocutory attorney to arrange the conference at a time convenient for all. The deadline for the conference has been set with

---

proceed and applicant, as easily as opposer, could have requested Board participation in moving the case forward.

[8] Although the sanction that opposer requested was that applicant's answer not be considered, and that default judgment be entered, the answer was timely filed and conformed with the rules. A sanction related to a failure to comply with discovery conference rules, or an order of the Board, should relate to that failure, and therefore if opposer files a new motion for sanctions, the sanction should be for judgment, not for default judgment.

sufficient time to avoid any complications that may arise from the end of the year holidays. On the present facts, there does not appear to be any basis for further extension of the conference deadline beyond that set below, and the Board is not inclined to approve any further extension.

Proceedings are hereby resumed. Discovery and trial dates are reset as follows:

| | |
|---|---|
| Deadline for Discovery Conference | **1/29/10** |
| Discovery Opens | **1/29/2010** |
| Initial Disclosures Due | **2/28/2010** |
| Expert Disclosures Due | **6/28/2010** |
| Discovery Closes | **7/28/2010** |
| Plaintiff's Pretrial Disclosures | **9/11/2010** |
| Plaintiff's 30-day Trial Period Ends | **10/26/2010** |
| Defendant's Pretrial Disclosures | **11/10/2010** |
| Defendant's 30-day Trial Period Ends | **12/25/2010** |
| Plaintiff's Rebuttal Disclosures | **1/9/2011** |
| Plaintiff's 15-day Rebuttal Period Ends | **2/8/2011** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days of completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rule 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.